IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CRYSTAL CLEAR SPECIAL UTILITY DISTRICT,<br>  *Plaintiff*<br><br>v.<br><br>COMMISSIONER KATHLEEN JACKSON, ET AL.,<br>  *Defendants*<br><br>and<br><br>HK BAUGH RANCH, LLC,<br>  *Intervenor* | §§§§§§§§§§§§§    Case No. 1:23-cv-00878-DAE |

## **ORDER**

Before the Court are Plaintiff's Motion for Ruling on Objections to Discovery Requests and to Compel Production of Documents, filed April 16, 2024 (Dkt. 44), and Plaintiff's Amended Motion for Ruling on Objections to Discovery Requests and to Compel Production of Documents, filed April 17, 2024 (Dkt. 45). By Text Order entered April 17, 2024, the District Court referred Plaintiff's Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff's Motion is director to Intervenor HK Baugh Ranch, LLC. Plaintiff's Certificate of Conference states, in its entirety: "I hereby certify that I conferred with counsel for Intervenor HK Baugh Ranch, LLC regarding all matters at issue in this Motion by letter dated April 5, 2024, but to date have never received a response thereto." Dkt. 45 at 9.

This is insufficient to satisfy the good-faith conference requirement of Local Rule CV-7(g), which states, in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020) (Garcia, C.J.). "Good faith" requires a genuine attempt to resolve the dispute through non-judicial means. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012); *see also McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse"). Moreover, if an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013). Plaintiff fails to show that judicial intervention is required to obtain the discovery it seeks. *See Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.) (dismissing motion to compel as premature).

For these reasons, the Court **DISMISSES AS MOOT** Plaintiff's Motion for Ruling on Objections to Discovery Requests and to Compel Production of Documents (Dkt. 44) and **DENIES WITHOUT PREJUDICE** Plaintiff's Amended Motion for Ruling on Objections to Discovery Requests and to Compel Production of Documents (Dkt. 45) for failure to confer pursuant to Local Rule CV-7(g).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on April 18, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE