IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL CLEAR SPECIAL UTILITY DISTRICT, *Plaintiff*, | § | No. 1:23-cv-00878-DAE |
| v. | § | |
| KATHLEEN JACKSON, THOMAS GLEESON, COURTNEY HJALTMAN, MORGAN JOHNSON, AND PATRICK RHODE, in their official capacities as Commissioners of the Public Utility Commission of Texas, *Defendants*, | § | |
| and | § | |
| HK BAUGH RANCH, LLC, *Intervenor*. | § | |

ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING ON ITS AMENDED MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff Crystal Clear Special Utility District's ("Crystal Clear" or "Plaintiff") August 3, 2026, Motion for Rehearing (Dkt. # 98) of its Amended Motion for Preliminary Injunction (Dkt. # 79.) The Court denied Plaintiff's Amended Motion on July 21, 2026. (Dkt. # 98.) Defendants Thomas Gleeson, Courtney Hjaltman, Morgan Johnson, Patrick Rhode, and Kathleen Jackson, in their Official Capacities as Commissioners of the Public Utility

Commission of Texas ("PUC") (collectively, "PUC Defendants") and Intervenor HK Baugh Ranch, LLC, each filed a Response. Whereas PUC Defendants responded on August 17, 2026 (Dkt. # 102), Intervenor responded on August 7, 2026 (Dkt. # 100). Plaintiff filed its Reply on August 14, 2026. (Dkt. # 101.) The Motion for Rehearing is now ripe for disposition. After careful consideration of the memoranda in support and in opposition of the motion, and the relevant law, the Court for the reasons that follow **DENIES** the Motion for Rehearing. (Dkt. # 98.)

## BACKGROUND

Because the Court's Order Denying Plaintiff's Amended Motion for Preliminary Injunction has detailed the factual issues in this case, the Court does not recite them here. (Dkt. # 96 at 2–7.) It does, however, focus on the case's unique procedural posture to explain why, in its discretion, it will deny Plaintiff's Motion. (See infra.)

On November 15, 2023, the Court granted Plaintiff's Motion for Preliminary Injunction (Dkt. # 14). (See Dkt. # 26.) Then, Intervenor filed an interlocutory appeal (Dkt. # 31), and the Fifth Circuit issued its opinion on July 2, 2025. (See Dkt. # 74.)[1] The Fifth Circuit provided this Court with express

---

[1] For clarity, the Court will cite the Fifth Circuit's decision as it appears in the Federal Reporter. Crystal Clear Spec. Util. Dist. v. Jackson et al., 142 F.4th 351 (5th Cir. 2025).

instructions for a "limited remand." Jackson, 142 F.4th at 367. The Court's specific instructions are reproduced below.

> We REMAND this case to the district court so that it can determine, in the first instance, whether [7 U.S.C.] § 1926(b) otherwise preempts Texas Water Code § 13.2541 and, relatedly, so that it may assess all relevant preliminary injunction factors as necessary. The preliminary injunction shall remain in place; the parties need not file a new notice of appeal; and the clerk of the district court need only supplement the appellate record with copies of the new filings below and the district court's opinion. The panel retains jurisdiction over this limited remand.

Id. at 366–67. In an attempt to follow the Fifth Circuit's order to the letter, this Court issued its Order Denying Plaintiff's Amended Motion for Preliminary Injunction. (Dkt. # 96). Therein, this Court concluded principally that: (1) there is no conflict preemption between TWC § 13.2541 and 7 U.S.C. § 1926(b) (see id. at 16–22), and (2) "Crystal Clear's fees are so 'unreasonable, excessive, and confiscatory' to make its services constructively unavailable." (Id. at 11 (quoting Rural Water Dist. No. 1, Ellsworth Cnty. v. City of Wilson, 243 F.3d 1263, 1271 (10th Cir. 2001)).)

In their Motion for Rehearing, which the Court construes as a Motion for Reconsideration, the Plaintiff presses several arguments. First, they argue that the Court erred in its analysis of the "excessive cost" factors because, Plaintiff contends, it "fail[ed] to place onto HK Baugh the burden of proof on costs,"

"fail[ed] to apply the relevant cost factors established by federal law," and "improperly accept[ed] HK Baugh's briefing as true while ignoring the hearing evidence on costs." (Dkt. # 98 at 1–7.) Second, regarding conflict preemption, Plaintiff argues that the Court "invited but then disregarded the USDA," "incorrectly embrace[d] the 2018 Green Valley district court opinion" as well as "a 2020 concurrence [from Judge Jones] in the Fifth Circuit's en banc rehearing in Green Valley." (Id. at 7–11.)

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Such a motion, however, may be considered under Rule 54(b), which permits courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Fed. R. Civ. P. 54(b); see Tool Dev., Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (holding that under Rule 54(b), a court retains the power to revise an interlocutory order before entry of a final judgment). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" U.S. v. Renda, 709 F.3d 472, 479 (5th Cir. 2013) (quoting Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210–11 (5th Cir.

2010)). "The denial of a preliminary injunction is an interlocutory order, and a motion to reconsider such an order is thus governed by Rule 54(b)." Osorio v. Martin, No. 5:25-CV-1191-DAE, 2026 WL 326712, at *2 (W.D. Tex. Jan. 6, 2026) (slip op.) (citing Byrum v. Landreth, 566 F.3d 442, 449 (5th Cir. 2009) ("[C]ourts have discretion to review interlocutory rulings related to independently appealable orders when the two are "inextricably intertwined.").

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the [C]ourt." Bernard v. Grefer, Case No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015). Given this uncertainty, some courts in the Fifth Circuit evaluate Rule 54(b) motions "under the same standards that govern Rule 59(e) motions." Namer v. Scottsdale Ins. Co., 314 F.R.D. 392, 393 (E.D. La. 2016) (collecting cases). Contra UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC, Case No. 1:17-ca-365-LY, 2018 WL 4501535, at *2 (W.D. Tex. Sept. 20, 2018).

"A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest

error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478. The Court must balance two competing interests in ruling on a motion to reconsider: "(1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Id. at 479. Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Id. at 478–79.

However, when analyzing a motion to reconsider under Rule 54(b), "[t]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders." Austin v. Kroger Texas, L.P., 864 F.3d 326, 337 (5th Cir. 2017) (quoting Saint Annes Dev. Co. v. Travich, 443 Fed. App'x 829, 831–32 (4th Cir. 2011)) (citation modified). To wit, the Fifth Circuit and many of its sister circuits have determined a district court's "powers" to alter its ruling on an injunction pending appeal are "limited to maintaining the status quo" and "ought not to extend to the point that the district court can divest the court of appeals from jurisdiction" during the pendency of an appeal. Coastal Corp. v. Tex. E. Corp., 869 F.2d 817, 819 (5th Cir. 1989); see also id. at 820 (citing Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 n.1 (9th Cir. 1984); Lewis v.

Tobacco Worker's Int'l Union, 577 F.2d 1135 (4th Cir. 1978); and Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623 (2d Cir. 1962)); cf. Providence Title Co. v. Truly Title, Inc., No. 4:21-CV-147-SDJ, 2021 WL 5003273, at *4–5 (E.D. Tex. Oct. 28, 2021) (discussing the foregoing authorities in the context of a district court's refusal to grant reconsideration after an appeal had been noticed).

DISCUSSION

To this Court, the Fifth Circuit's remand order is clear. The case is before this Court on "limited remand." Jackson, 142 F.4th at 367. Upon this Court's issuance of its July 21, 2026, Order Denying Plaintiff's Amended Motion for Preliminary Injunction (Dkt. # 96), the Fifth Circuit—not this Court—is to decide the next steps. This is because, in its own terms, the Fifth Circuit—not this Court—retains jurisdiction over the previous appeal. See Jackson, 142 F.4th at 366–67 ("The panel *retains jurisdiction* over this limited remand." (emphasis added)). The Court thus believes that it is without jurisdiction to rule on the Plaintiff's Motion for Rehearing.

Its reading of the Federal Rules of Appellate Procedure support this conclusion. For example, Rule 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to

appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Id.

Critically, although a district court retains jurisdiction to (re)consider its rulings by a party's motion made under Rule 59 or Rule 60—and even then, only those filed before a notice of appeal—a motion to reconsider brought under Rule 54(b) is not one of the motions listed in the Federal Rules of Appellate Procedure. See Fed. R. App. P. 4(a)(4)(A). The Court notes that the original Notice of Appeal (Dkt. # 31) is still operative. See Jackson, 142 F.4th at 367 (stating that "*the parties need not file a new notice of appeal* and stipulating that this Court's Clerk "need only supplement the appellate record with copies of the new filings below and the district court's opinion" (emphasis added)). What is more, in the absence of one of the motions listed in the plain text of Rule 4(a)(4)(A), the Court is bound by the default rule: the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). This is especially so in light of the Fifth Circuit's express ruling that it "limited" this Court's review to "determin[ing] in the first instance" the preemption issue.[2]

[2] The Jackson Court did not decide whether "excessive costs can keep service from being 'available' under § 1926(b)," it stated that "the reasonableness of costs under the circumstances would present a fact-dependent question best suited for initial

Consequently, the Court finds that it is without jurisdiction to reconsider its Order Denying Plaintiff's Amended Motion for Preliminary Injunction. After all, that was the only order the Fifth Circuit instructed this Court to consider on this case's "limited remand." See Jackson, 142 F.4th at 366–67; see also In re TK Boat Rentals, No. 17-1545, 2018 WL 2017580, at *1 n.6 (E.D. La. May 1, 2018) ("The Court notes that plaintiffs moved for reconsideration under Rule 54(b) rather than under Rule 52, Rule 59, or Rule 60. Thus, Plaintiff's motion for reconsideration does not render their notice of appeal ineffective under Federal Rule of Appellate Procedure 4(a)(4)(B)(i)." (internal citations omitted)); see also Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 n.2 (5th Cir. 2004) (finding that a district court did not have jurisdiction to grant a motion for reconsideration following a notice of appeal where "plaintiffs properly concede that they did not file any Rule 4(a)(4)(A) motion that would trigger Rule 4(a)(4)(B)(i)").

This matter is now before the Fifth Circuit panel and any arguments that challenge or support the correctness of this Court's ruling must be made to the Fifth Circuit upon such direction as the panel may provide.

---

determination by the district court." 142 F.4th at 363. As discussed above, this Court addressed that "fact-dependent question" in its Order. (See Dkt. # 96 at 2–7.)

## CONCLUSION

For the reasons above, Defendants' Motion for Rehearing is **DENIED** for lack of jurisdiction. (Dkt. # 96.)

**IT IS SO ORDERED.**
**DATED**: Austin, Texas, August 21, 2026

David Alan Ezra
Senior United States District Judge